No. 102,382

In the Matter of TODD A. MCGRAW, *Respondent.*
(217 P.3d 25)

Opinion filed October 9, 2009.

*Frank D. Diehl*, deputy disciplinary administrator, argued the cause and *Stanton A. Hazlett*, Disciplinary Administrator, was with him on the formal complaint for the petitioner.

*Todd A. McGraw*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Todd A. McGraw, of Independence, Missouri, an attorney admitted to the practice of law in Missouri in 2000, and in Kansas in 2001. The respondent's license to practice law in the state of Kansas has been administratively suspended since October 6, 2003, for failure to fulfill the minimum continuing legal education requirements and failure to pay the noncompliance continuing legal education fee.

In February 2006, the Missouri Supreme Court suspended respondent's license to practice law in Missouri for 1 year, based on respondent's plea of guilty in January 2006, to a charge of possession of methamphetamine, a class C felony. The respondent failed to report to the Disciplinary Administrator that his license to practice law in Missouri had been suspended. In March 2006, the Missouri Office of the Chief Disciplinary Counsel informed the Disciplinary Administrator of Kansas of the suspension. In April 2006, the Disciplinary Administrator wrote to the respondent requesting a response to the allegations; the respondent failed to provide a written response. The respondent contends that he did not receive the letter as he was in inpatient treatment at that time.

The respondent's case was assigned to an investigator employed by the Disciplinary Administrator. The investigator became ill and retired for medical reasons. According to the Disciplinary Administrator, the case was not reassigned for almost 2 years. In Novem-

ber 2008, the Disciplinary Administrator filed a formal complaint. The respondent filed an answer to the formal complaint on December 15, 2008, and a stipulation to the admission of exhibits and a plan of probation on February 18, 2009.

A hearing was held before a panel of the Kansas Board for Discipline of Attorneys, where the respondent appeared in person. Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"2. In September, 2000, the Respondent was admitted to the practice of law in the State of Missouri. The Respondent failed to comply with the administrative requirements to maintain his law license in Missouri beginning in 2005. As a result, at that time, his license was not in good standing.

"3. The Respondent was admitted to the practice of law in the State of Kansas on April 27, 2001. On October 6, 2003, the Kansas Supreme Court suspended the Respondent's license to practice law in the State of Kansas, for failing to comply with the annual administrative requirements to maintain a law license.

"4. In approximately February, 2003, the Respondent began using methamphetamine. Quickly, the Respondent became addicted to the drug. Several months later, on October 22, 2003, the Respondent was arrested in Jackson County, Missouri, for possession of methamphetamine, a class C felony. Even after he was arrested, the Respondent continued to use methamphetamine sporadically. [Footnote: At the hearing on this matter, the Respondent testified that his use of methamphetamine ended prior to entering treatment. The Respondent also testified that at the time he entered treatment, he was 'clean.']

"5. On January 26, 2004, the Circuit Court of Jackson County, Missouri, indicted the Respondent for having possessed methamphetamine, a class C felony, on October 22, 2003.

"6. On December 31, 2005, the Respondent entered an inpatient treatment program at the Salvation Army Adult Rehabilitation in Kansas City, Missouri. The Respondent remained in treatment for six months. On July 9, 2006, the Respondent successfully completed the rehabilitation program.

"7. On January 30, 2006, the Respondent entered a guilty plea to a charge of possession of methamphetamine, a class C felony, in *State of Missouri v. Todd A. McGraw*, case number 16CR03006493-01, in the Circuit Court of Jackson County, Missouri. That same day, the Court sentenced the Respondent. The Court suspended the imposition of the sentence and placed the Respondent on probation for one year.

"8. The Respondent failed to report the criminal conviction to the Disciplinary Administrator.

"9. On February 28, 2006, the Missouri Supreme Court suspended the Respondent's license to practice law in Missouri for one year. The Respondent failed

to report to the Disciplinary Administrator that his license to practice law in Missouri had been suspended. The Respondent's license to practice law in the State of Missouri remains suspended.

"10. On March 20, 2006, the Missouri Office of the Chief Disciplinary Counsel informed the Disciplinary Administrator that the Missouri Supreme Court had suspended the Respondent's license to practice law.

"11. On April 3, 2006, the Disciplinary Administrator wrote to the Respondent and requested that the Respondent provide a written response regarding the allegations. [Footnote: The Respondent contends that he did not receive the letter, as he was in inpatient treatment at that time. Correspondence from the Disciplinary Administrator's office is sent to each respondent's last registered address. Pursuant to Kan. Sup. Ct. R. 208(c), attorneys are required to notify the Clerk of the Appellate Courts of any change of address within 30 days. In this case, the April 3, 2006, letter was sent to the Respondent at his last registration address. The record is void of evidence that the letter was returned to the Disciplinary Administrator. As such, the Hearing Panel finds that the Disciplinary Administrator provided the Respondent with constructive notice of the initial complaint.] The Respondent failed to provide a written response regarding the allegations.

"12. On January 30, 2007, the Respondent successfully completed the terms and conditions of his probation on his criminal conviction.

"13. On November 25, 2008, the Disciplinary Administrator filed a Formal Complaint. On December 15, 2008, the Respondent timely filed an Answer to the Formal Complaint. On February 18, 2009, the Respondent filed a plan of probation.

## "CONCLUSIONS OF LAW

"1. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 8.4(b), KRPC 8.1, and Kan. Sup. Ct. R. 207, as detailed below.

"2. "It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's . . . fitness as a lawyer in other respects." KRPC 8.4(b). In this case, the Respondent was convicted by his plea of possession of methamphetamine, a class C felony. The Hearing Panel concludes that the Respondent committed a criminal act that reflects directly on the Respondent's fitness to practice, in violation of KRPC 8.4(b).

"3. Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . .' KRPC 8.1(b).

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to

the Disciplinary Administrator any information he or she may have affecting such matters.'

Kan. Sup. Ct. R. 207(b). The Respondent failed to provide a written response to the initial complaint docketed by the Disciplinary Administrator. Because the Respondent failed to provide a written response to the initial complaint, the Hearing Panel concludes that the Respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

### "AMERICAN BAR ASSOCIATION
### STANDARDS FOR IMPOSING LAWYER SANCTIONS

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter "Standards"). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated*. The Respondent violated his duty to the public to maintain his personal integrity.

"*Mental State*. The Respondent knowingly and intentionally violated his duty.

"*Injury*. As a result of the Respondent's misconduct, the Respondent caused actual injury to the legal profession.

"*Aggravating or Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Illegal Conduct, Including that Involving the Use of Controlled Substances. The Respondent was convicted in the Circuit Court of Jackson County, Missouri, of possession of methamphetamine, a class C felony.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Prior Disciplinary Record. Other than the Missouri suspension for the same misconduct, the Respondent has not previously been disciplined.

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions. The Respondent completely acknowledged the misconduct in his Answer and at the hearing.

"Inexperience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 2001. At the time the Respondent engaged in the misconduct, the Respondent had been practicing law for a period of three years.

Accordingly, the Hearing Panel concludes that Respondent was inexperienced in the practice of law at the time he engaged in the misconduct.

"Delay in Disciplinary Proceedings. At the hearing on this matter, the Disciplinary Administrator explained that there was an inordinate delay in the disciplinary proceeding.

"Imposition of Other Penalties or Sanctions. The Respondent served one year on probation following his conviction for possession of methamphetamine, class C felony, in the Circuit Court of Jackson County, Missouri.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.' Standard 5.12.

### "RECOMMENDATION

"The Disciplinary Administrator recommended that the Respondent be indefinitely suspended. The Disciplinary Administrator recommended that the indefinite suspension be made retroactive 18 months to account for the delay in the disciplinary proceeding. Even though the Respondent previously filed a plan of probation, at the hearing, he agreed that an indefinite suspension is appropriate.

"Because the Respondent agreed with the Disciplinary Administrator's recommendation, the Hearing Panel deems the Respondent's request for probation abandoned. As such, the Hearing Panel does not consider the Respondent's request for probation.

"Based upon the findings of fact, conclusions of law, and the Standards listed above, the Hearing Panel unanimously recommends that the Respondent be indefinitely suspended from the practice of law in the State of Kansas. The Hearing Panel further recommends that the Court make the Respondent's suspension effective retroactive to September 1, 2007. Making the effective date of the Respondent's suspension retroactive to September 1, 2007, is fair in light of the delay getting this case to hearing.

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

Applying Kansas Supreme Court Rule 202 (2008 Kan. Ct. R. Annot. 261) concerning reciprocal discipline, and based on the documents filed in the Missouri disciplinary proceeding, the hearing panel concluded that respondent violated Kansas Rules of Professional Conduct (KRPC) 8.4(b) (2008 Kan. Ct. R. Annot. 586) (commission of a criminal act), KRPC 8.1(b) (2008 Kan. Ct. R. Annot. 579) (duty to respond to a lawful demand for information from a disciplinary authority), and Supreme Court Rule 207(b)

(2008 Kan. Ct. R. Annot. 295) (duty to cooperate in disciplinary investigations/duty to report violations). The respondent filed no exceptions to the hearing panel's findings and conclusions. Thus, the above violations are deemed admitted under Supreme Court Rule 212(c) (2008 Kan. Ct. R. Annot. 327).

The panel recommended that the respondent be indefinitely suspended from the practice of law in the state of Kansas, with the effective date of the suspension retroactive 24 months to account for the delay in the disciplinary proceeding. The respondent agreed at the hearing that suspension is the appropriate discipline. Because the respondent agreed with the Disciplinary Administrator's recommendation, the hearing panel did not consider the respondent's request for probation, deeming it abandoned.

## DISCUSSION

In disciplinary proceedings, this court "considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. [Citation omitted.]" *In re Lober*, 276 Kan. 633, 636, 78 P.3d 442 (2003). Any attorney misconduct must be established by clear and convincing evidence. 276 Kan. at 636. Clear and convincing evidence is "evidence that causes the factfinder to believe that 'the truth of the facts asserted is highly probable.'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]). The evidence before the hearing panel establishes the charged misconduct of the respondent by clear and convincing evidence and supports the panel's conclusions of law. See KRPC 8.4(b); KRPC 8.1(b); Supreme Court Rule 207(b). We therefore adopt the panel's findings and conclusions.

The respondent agrees that indefinite suspension is an appropriate sanction in his case. We agree with the hearing panel's recommended sanction and further agree that the indefinite suspension should be effective September 1, 2007, as a "fair [disposition] in light of the delay [by the Disciplinary Administrator] getting this case to hearing."

### CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Todd A. McGraw be indefinitely suspended from the practice of law in the state of Kansas, effective September 1, 2007, in accordance with Supreme Court Rule 203(a)(2) (2008 Kan. Ct. R. Annot. 307).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2008 Kan. Ct. R. Annot. 350), and in the event the respondent would seek reinstatement, he shall comply with Supreme Court Rule 219 (2008 Kan. Ct. R. Annot. 365).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.